UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARYANN HUBBARD** | **CIVIL ACTION** |
| **VERSUS** | **NO:** |
| **WINN DIXIE STORES, INC. d/b/a WINN DIXIE STORE #1472 and ABC INSURANCE COMPANY** | **SECTION:** |

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. §1441 (b) DIVERSITY JURISDICTION

**NOW INTO COURT,** through undersigned counsel, comes defendant, **Winn-Dixie Stores, Inc. d/b/a Winn-Dixie Store #1472 (hereinafter "Winn-Dixie"),** with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal of the Louisiana state court action described below, and in support of removal, respectfully represents follows:

### BACKGROUND INFORMATION

1.

Winn-Dixie Stores, Inc. and ABC Insurance Company were named as defendants in the civil action entitled *"Maryann Hubbard v. Winn Dixie Stores, Inc. d/b/a Winn Dixie Store #1472 and ABC Insurance Company"* and bearing docket number 2020-08311, Division J-1, brought on October 1, 2020, in the Civil District Court for the Parish of Orleans.  (*See* Exhibit A, Petition for Damages).   Pursuant to the provisions of Section 1441 and 1446 of Title 28 of the United States Code, the defendant removes this action to the United States District Court for the Eastern District of Louisiana, which is the judicial district in which the action is pending.

1

2.

Service was requested on Winn-Dixie through its registered agent, Corporation Service Company, and Winn-Dixie was served through Corporation Service on with plaintiff's Petition for Damages on August 16, 2019.  (*See* Exhibit B, Proof of Service on Winn-Dixie).

3.

Defendant will file a copy of all process, pleadings, notices and orders filed in the state court proceeding after removal in accordance with Local Rule 3.2.

4.

Plaintiff alleges that she was a patron at a Winn-Dixie store located at 401 N. Carrollton Avenue, New Orleans, Louisiana on January 28, 2020, when she slipped and fell on an unknown liquid substance on the floor.  As a result of the alleged slip and fall, Plaintiff alleges that she sustained traumatic personal and physical injuries, mental anguish and inconvenience, including but not limited to, her left shoulder and arm, head injury, continuous headache pain, impaired vision, impaired walking ability, stroke, and impaired cognitive ability.

**DIVERSITY OF CITIZENSHIP**

5.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

6.

Upon information and belief, plaintiff, Maryann Hubbard is a resident, domiciliary, and citizen of Orleans Parish, State of Louisiana, both at the time of filing of this suit and at the time of removal.

7.

Winn-Dixie Stores, Inc. is a Florida corporation and maintains its principal place of business in Jacksonville, Florida, both at the time of the filing of this suit and at the time of removal. Accordingly, Winn-Dixie is a citizen of Florida. (*See* Exhibit C, Florida Secretary of State, Division of Corporation Records).

8.

Therefore, there is complete diversity between all the plaintiffs and the defendant.

**AMOUNT IN CONTROVERSY**

9.

Plaintiff's Petition for Damages does not allege that her claims are above or below the federal requirement.

10.

A defendant shows, by a preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complait that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show supporting, summary judgment type evidence that the plaintiff's claims are likely to exceed $75,000.00.

11.

Plaintiff did not plead a monetary sum for damages, nor did Plaintiff allege that her damages exceeded the requisite amount for federal jurisdiction pursuant to 28 U.S.C. 1332. On October 27, 2020, Winn-Dixie propounded Requests for Admission to determine the extent of Plaintiff's alleged injuries relative to the amount in controversy. (*See* Exhibit D, Winn-Dixie's Requests for Admission to Plaintiff).

12.

Plaintiff provided Responses to Requests for Admission on October 27, 2020.  In her Responses to Requests for Admission, Plaintiff admitted that the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Exhibit E, Plaintiff's Responses to Winn-Dixie's Requests for Admissions).

13.

Plaintiff's Responses to Requests for Admission qualify as "other paper" pursuant to 28 U.S.C. 1446(b)(3).

**REMOVAL IS TIMELY FILED**

14.

Winn-Dixie was served with the Petition for Damages on October 21, 2020.  A copy of all process, pleadings, and orders served upon Winn-Dixie as required by 28 U.S.C. § 1446(a) is attached.  (*See* Exhibits A and B).

15.

The removal has been timely filed within thirty (30) days of the removing defendant receiving notice that the amount in controversy exceeds this Court's jurisdiction threshold (October 27, 2020) and within one (1) year after the commencement of the action, as allowed by 28 U.S.C. §1446(b).

**CONCLUSIONS AND PRAYER FOR RELIEF**

16.

The United Stated District Court for the Eastern District of Louisiana is the federal district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Venue, therefore, is proper in this district under  28 U.S.C. §1441(a).

17.

Because there exists total diversity of citizenship between plaintiffs and defendants and the amount in good faith controversy herein exceeds $75,000.00, exclusive of interest and costs, this Court accordingly has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §1332.

18.

This matter has been properly removed to this Court pursuant to 28 U.S.C §§ 1441 and 1446.

19.

Winn-Dixie further avers that it shall give written notice of this filing to the original plaintiff and shall file a copy of this Notice of Removal with the Clerk for the Civil District Court for the Parish of Orleans, State of Louisiana in furtherance of the prayer herein that no further proceedings shall occur in state Court and that this matter shall henceforth proceed forward only in this Honorable Court.

20.

Under Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal, that to the best of her knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not intended for any improper purpose.

**JURY DEMAND**

21.

Winn-Dixie is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, **Winn-Dixie Stores, Inc. d/b/a Winn-Dixie Store #1472** prays that the suit captioned Maryann Hubbard v. Winn Dixie Stores, Inc. d/b/a Winn Dixie Store $1472

and ABC Insurance Company, Civil District Court for the Parish of Orleans, No. 2020-08311, Section 15, Division J, be removed from that State Court docket to the United States District Court for the Eastern District of Louisiana.

        Respectfully submitted,

        **BERNARD, CASSISA, ELLIOTT & DAVIS**
        A Professional Law Corporation

BY:   *s/Caroline D. Elliott*
        **STEPHEN N. ELLIOTT (#5326)**
        **CAROLINE D. ELLIOTT (#28568)**
        3838 N. Causeway Blvd., Suite 3050
        Metairie, Louisiana 70002
        Telephone:  (504) 834-2612
        Facsimile:  (504) 838-9438
        Email:  elliottc@bcedlaw.com
        **Counsel for Winn-Dixie Stores, Inc.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the all non-CM/ECF participants, this 20th day of November, 2020.

        *s/Caroline D. Elliott*
        **CAROLINE D. ELLIOTT**